# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DWIGHT D. BOWEN** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN PALAKOVICH, et al.** | : | **NO. 06-3378** |

## MEMORANDUM/ORDER

Petitioner, Dwight D. Bowen, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254. Presently before the Court are petitioner's Motion for Appointment of Counsel (Doc. 37) and his Motion for Discovery (Doc. 36).

"There is no constitutional right to counsel in a federal habeas corpus proceeding." Watson v. United States, 1997 WL 667152, *4 (E.D. Pa. Oct. 3, 1997) (citing Reese v. Fulcomer, 946 F.2d 247, 264 (3d Cir. 1991), cert. denied, 503 U.S. 988 (1992)). "In § 2254 cases, counsel is ordinarily appointed only where there is an evidentiary hearing, see Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts ('habeas rules'), unless 'justice so requires.'" See Lambert v. Frank, 2000 WL 1022977, *3 (E.D. Pa. July 18, 2000) (quoting 18 U.S.C. § 3006A) (Pollak, J.) (parenthetical added); see also 28 U.S.C. foll. § 2254, Rule 8(c). Here, upon review of petitioner's submissions to the Court, the record does not reflect an inability on the part of petitioner to understand the issues and address them in a coherent manner. See, e.g., Reese, 946 F.2d at 264; Watson, 1997 WL 667152, at *5. Furthermore, at this stage in the proceedings, it appears that this case may be resolved based on the record before the Court without an evidentiary hearing. See Lambert, 2000 WL 1022977, at *3 (citing 28 U.S.C. foll. § 2254, Rule 8(c)). Since justice does not require the appointment of counsel at this

time, the request for counsel is denied.  See Lambert, 2000 WL 1022977, at *3; see also Reese, 946 F.2d at 264; Watson, 1997 WL 667152, at *5.

With respect to petitioner's Motion for Discovery, Rule 6 of the habeas rules provides in pertinent part: "A judge **may, for good cause**, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."  28 U.S.C. foll. § 2254, Rule 6(a) ("Leave of Court Required") (emphasis added).  Thus, unlike other federal civil litigants, discovery is available in habeas proceedings not as a matter of course, but at the Court's discretion if the habeas petitioner shows "good cause."  Abu-Jamal v. Horn, 2001 WL 1609690, *14 (E.D. Pa. Dec. 18, 2001); see Bracy v. Gramley, 520 U.S. 899, 908-09 (1997); Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir.), cert. denied, 512 U.S. 1230 (1994); see also Gibbs v. Johnson, 154 F.3d 253, 258-59 (5th Cir. 1998), cert. denied, 526 U.S. 1089 (1999); Abu-Jamal, 2001 WL 1609690, at *15 ("the enactment of AEDPA served to limit the availability of discovery to a federal habeas petitioner in many respects").  In this case, since petitioner has failed to establish "good cause," his request for leave to take discovery should be denied.  See Deputy, 19 F.3d at 1493; Gibbs, 154 F.3d at 258-59; Abu-Jamal, 2001 WL 1609690, at *14.

Accordingly, **AND NOW**, this 8th day of March, 2010, upon consideration of petitioner's Motion for Appointment of Counsel (Doc. No. 37) and his Motion for Discovery

(Doc. No. 36), it is hereby **ORDERED** that petitioner's motions are **DENIED**.

BY THE COURT:

 /s/ L. Felipe Restrepo
L. FELIPE RESTREPO
UNITED STATES MAGISTRATE JUDGE