IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DWIGHT D. BOWEN** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **JOHN PALAKOVICH, et al.** | : | **NO. 06-3378** |

**MEMORANDUM/ORDER**

  Before the Court are Petitioner's Motion for Discovery (Doc. 61) and Petitioner's Motion for Reproduction of the Record (Doc. 62). To the extent that petitioner's motions challenge actions of the Pennsylvania correctional institutions, as noted in previous Orders in this case, it is reiterated that "[t]he federal courts do not sit to supervise state prisons, the administration of which is acute interest to the States." See Meachum v. Fano, 427 U.S. 215, 229 (1976) (citing Supreme Court cases); see, e.g., Herbert v. Greencards Office, 2006 WL 2077031, *2 (M.D. Pa. July 24, 2006) (quoting Meachum). Furthermore, a habeas petition is generally not the appropriate remedy to address claims involving prison conditions, and such claims are generally more appropriately brought as a civil rights action, under 42 U.S.C. § 1983. See Dussan v. United States, 2003 WL 22837728, *2 (E.D. Pa. Nov. 25, 2003) ("A claim, if successful, that would not entitle the prisoner to immediate or speedier release sounds not in habeas corpus, but in civil rights."); see, e.g., Miller v. Zimmerman, 1990 WL 72944, *1 (E.D. Pa. May 25, 1990) (Pollak, J.) (civil rights action alleging that when prisoner was transferred to another prison, employees "failed to ship his property to him").

  To the extent that petitioner's motion requests discovery, including production of

documents, the Supreme Court has stated that habeas petitioners are not automatically granted discovery, and "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." United States v. Schwartz, 2012 WL 169694, *1 (E.D. Pa. Jan. 19, 2012) (citing Bracy v. Gramley, 520 U.S. 899, 904 (1997)).  Under Rule 6 of the Rules Governing § 2254 Cases, a judge may authorize a party to conduct discovery, but only "for good cause."  See 28 U.S.C. foll. § 2254, Rule 6; see also Bracy, 520 U.S. at 908-09; Levi v. Holt, 192 Fed. Appx. 158, 162 (3d Cir. 2006) (decisions on discovery requests rest in the sound discretion of the court); Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir.), cert. denied, 512 U.S. 1230 (1994); Schwartz, 2012 WL 169694, at *1; see also Gibbs v. Johnson, 154 F.3d 253, 258-59 (5th Cir. 1998), cert. denied, 526 U.S. 1089 (1999).  "A petitioner must provide specific factual allegations from which the court may determine whether good cause exists to grant the motion for discovery."  Id. (citing Mayberry v. Petsock, 821 F.2d 179, 185-86 (3d Cir. 1987)).  Thus, "bald assertions and conclusory allegations" are insufficient.  Id. (quoting Mayberry, 821 F.2d at 185).  Indeed, the Third Circuit has observed that a habeas petitioner's request for discovery "should be granted only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'"  Chambers v. Secretary Pa. DOC, 2011 WL 3792375, *3 (3d Cir. Aug. 26, 2011) (quoting Bracy, 520 U.S. at 908-09) (internal quotation marks omitted).

     Initially, it is noted that my recent Report and Recommendation ("R&R") (Doc. 65) found that the claims raised by petitioner in his habeas petition are time-barred, in addition to being procedurally defaulted and otherwise waived, with the exception of two claims which challenge the voluntary, knowing, and intelligent nature of petitioner's guilty plea and a

remaining claim alleging ineffective assistance of counsel for failure to file a motion to withdraw the guilty plea.  <u>See</u> R&R filed 1/26/12 (Doc. 65).  Petitioner's motions (Docs. 61 and 62) fail to make specific allegations which give the Court reason to believe that he may be able to demonstrate through further discovery that he is entitled to relief.  <u>See</u> <u>Bracy</u>, 520 U.S. at 908-09; <u>Chambers</u>, 2011 WL 3792375, at *3.  Other than bald assertions and conclusory allegations, <u>see</u> <u>Schwartz</u>, 2012 WL 169694, at *1(citing <u>Mayberry</u>, 821 F.2d at 185), petitioner's motions fail to make specific factual allegations which adequately explain why good cause exists to grant discovery or to order production of documents.  <u>See, e.g.</u>, <u>id.</u> at *2 (denying petitioner's motion for production of certain filings and transcripts where petitioner failed to "adequately explain[] why good cause exists to order the government to provide him with [certain] transcripts he has requested.").  Since petitioner has failed to establish "good cause," his motions are denied.

Accordingly, **AND NOW**, this 6th day of February, 2012, upon consideration of Petitioner's Motion for Discovery (Doc. 61) and Petitioner's Motion for Reproduction of the Record (Doc. 62), it is hereby **ORDERED** that petitioner's motions (Docs. 61 and 62) are **DENIED**.

BY THE COURT:

/s/ L. Felipe Restrepo
L. FELIPE RESTREPO
UNITED STATES MAGISTRATE JUDGE