IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DWIGHT BOWEN                          :
                                      :            CIVIL ACTION
            v.                        :
                                      :            NO. 06-3378
JOHN PALKOVICH, ET AL.                :


**SURRICK, J.**                                **SEPTEMBER 22, 2014**

<u>**MEMORANDUM**</u>

Presently before the Court is Petitioner Dwight D. Bowen's pro se Petition for Writ of Habeas Corpus (ECF No. 1), Amended Petition for Writ of Habeas Corpus (ECF No. 27), Supplemental Petition for Writ of Habeas Corpus (ECF No. 44), and Objections (ECF No. 71) to the Report and Recommendation of Magistrate Judge L. Felipe Restrepo (ECF No. 65).[1]  For the following reasons, Petitioner's Objections will be overruled, the Report and Recommendation will be approved and adopted, and the Petitions for Writ of Habeas Corpus will be denied and dismissed.

## I.   BACKGROUND[2]

On August 22, 2001, Petitioner Dwight D. Bowen was arrested and charged with two counts of murder, arson, aggravated assault, risking or causing a catastrophe, and recklessly endangering another person for his role in the firebombing of a home that killed two children.

---

[1] We subject pro se pleadings to a liberal review.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A pro se complaint, "however inartfully pleaded," is to be held to "less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011).

[2] The majority of the procedural history is derived from the Pennsylvania Superior Court's March 19, 2008 opinion.  (*Commonwealth v. Bowen*, No. 1913 EDA 2007 (Pa. Super. Ct. Mar. 19, 2008), *allocator denied*, 967 A.2d 957 (Pa. March 17, 2009), ECF No. 34 Ex. C.)

On February 19, 2004, after the Commonwealth presented its case against him at trial, Bowen entered a plea of guilty to two counts of murder in the second degree and one count of simple assault, in exchange for a negotiated sentence of two consecutive life sentences for the murders and a consecutive term of one to two years for the simple assault.  The trial court accepted the guilty plea and imposed the negotiated sentence.  Bowen did not file a motion to withdraw his guilty plea or a direct appeal.

On May 12, 2004, Bowen filed his first petition for relief under 42 Pa. Con. Stat. Ann. §§ 9541, *et seq.*, the PCRA.  Bowen's PCRA petition was denied and on April 20, 2006, the Supreme Court of Pennsylvania denied allowance of appeal.  On December 11, 2006, Bowen filed a second PCRA petition that was dismissed on May 24, 2007, as untimely filed.  On March 17, 2009, the Supreme Court of Pennsylvania denied allowance of appeal for Bowen's second PCRA petition.

On July 21, 2006, Bowen filed his original federal habeas petition in this Court.  (Pet., ECF No. 1.)  The Petition raised claims challenging the effectiveness of Bowen's trial counsel and the voluntary nature of his guilty plea.  (*Id.*)  On April 15, 2009, Bowen filed an amended habeas petition that included ten additional arguments challenging his conviction.  (Am. Pet., ECF No. 27.)  On May 20, 2010, Bowen filed a "Supplemental Writ of Habeas Corpus."  (Supp. Pet., ECF No. 44.)

In accordance with 28 U.S.C. § 636(b)(1)(B), this matter was referred to Magistrate Judge L. Felipe Restrepo for a report and recommendation.  The Report and Recommendation was issued on January 26, 2012.  (R&R, ECF No. 65.)  The R&R recommended that we deny and dismiss Bowen's Petition.  Bowen filed objections to the R&R.  (Obj., ECF No. 71.)

II.     **LEGAL STANDARD**

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). We review *de novo* those portions of the Magistrate Judge's R&R to which specific objections have been made. *Id.*; Fed. R. Civ. P. 72(b); *see also Thomas v. Arn*, 474 U.S. 140, 141-42 (1985) ("[A] United States district judge may refer . . . petitions for writ of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions . . . . [A]ny party that disagrees with the magistrate's recommendations may serve and file written objections to the magistrate's report, and thus obtain *de novo* review by the district judge.") (internal quotation marks omitted).

III.    **DISCUSSION**

The R&R recommended that all of Bowen's claims be dismissed or denied. (R&R 1.) The R&R first observed that Bowen's original Petition was timely filed, but that the Amended Petition and Supplemental Petition were not. Therefore, any claims that were not brought in the original Petition are time-barred and cannot be addressed on their merits. In addition, the R&R found that Bowen's claims in his Amended Petition and Supplemental Petition are procedurally defaulted. Finally, the R&R reviewed the claims in Bowen's original Petition that challenge the voluntary nature of Bowen's guilty plea and the effectiveness of Bowen's trial counsel. The R&R recommends that both claims be dismissed because neither of the claims warrant habeas relief. Bowen generally objects to all of the findings in the R&R but makes specific objections to only a number of issues. We will address each specific objection.

A.      **Claims in the Amended Petition and Supplemental Petition**

1.      *Time-barred Claims*

Bowen's first specific objection argues that the claims that he brings in his Amended Petition and Supplemental Petition challenging the constitutionally of the voir dire at his trial should not be time-barred.  According to Bowen, he brought these claims at the earliest possible time, after he learned of them.  (Obj. 5.)  Bowen claims that he became aware of these claims only after he was permitted to review the trial transcript, which did not occur until after the Supreme Court of Pennsylvania denied his appeal in April 2006.  (*Id.*)  Bowen claims that he tried to obtain the transcript earlier, within one year of his conviction becoming final, but that the trial court inhibited him from doing so.  (*Id.*)  Bowen asks that the untimeliness of these claims be excused.

The R&R correctly calculates that Bowen's Amended Petition and Supplemental Petition were filed well after the one-year statute of limitations.  (R&R 9-10.)  Therefore, all claims that were raised for the first time in the Amended and Supplemental Petitions are time barred under 28 U.S.C. § 2244(d)(1)(A) unless Bowen can show that equitable tolling is applicable.  "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).  Bowen argues that he was unable to timely assert his claims challenging the constitutionality of the voir dire at his trial because he was denied access to the trial transcripts until after the Pennsylvania Supreme Court denied appeal of his PRCA petition, which occurred on April 20, 2006.  (Obj. 5.)  Bowen claims that if he had received the transcript in October 2004, when he first requested it, he would have been able to timely raise these claims.  (Obj. 6.)

4

Bowen being denied access to the transcript of his trial from October 2004 to April 2006 does not constitute extraordinary circumstances that justify equitable tolling. Bowen had 314 days from April 20, 2006—the date when Bowen claims to have gained access to the trial transcript—to timely file a § 2254 petition. In fact, Bowen filed his original Petition within those 314 days. Yet, the Petition did not raise any claims related to the voir dire that occurred at his trial. Bowen had ample time to review the transcript and bring any claims that he discovered during that review well before the statute of limitations expired. No extraordinary circumstances were present here. *Cordero v. Hendricks*, No. 03-0789, 2006 WL 182082, at *4 (D.N.J. Jan. 24, 2006) ("[F]ederal courts have generally held that deprivation of access [to] legal papers is not sufficient to warrant equitable tolling."). We agree with the R&R that Bowen's claims challenging the voir dire are time-barred.[3] Bowen's objection is overruled.

2.    *Procedurally Defaulted Claims*

Bowen next specifically objects to the claims that he raised in his second PCRA petition being found procedurally defaulted. (Obj. 8.) The R&R correctly concluded that the claims Bowen raised for the first time in his second PCRA petition are procedurally defaulted because the second PCRA petition was untimely. *See Frey v. Stowitzky*, No. 06-4490, 2007 WL 1574768, at *2 (E.D. Pa. May 31, 2007) (finding unexhausted claims procedurally defaulted where PCRA petition was dismissed as untimely and further attempt to return to state court would be untimely). Therefore, federal habeas review of these claims is barred unless Bowen

---

[3] Bowen's claims challenging the constitutionality of the voir dire at his trial would fail on their merits even if they were not time-barred. It is well established that "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Having pled guilty after jury selection, Bowen gave up his right to challenge any constitutional violations that may have occurred related to voir dire and jury selection.

demonstrates cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrates that the failure to consider the claims will result in a fundamental miscarriage of justice. *Cristin v. Brennan*, 281 F.3d 404, 409 n.5 (3d Cir. 2002). "To show cause and prejudice, a petitioner must demonstrate some objective factor external to the defense that prevented compliance with the state's procedural requirements. To show a fundamental miscarriage of justice, a petitioner must demonstrate that he is actually innocent of the crime . . . ." *Id.* at 412 (internal citations and quotation marks omitted).

Bowen claims that there was cause for his default because the government prevented him from exhausting his claims. Specifically, Bowen claims that the government denied him access to his psychological evaluation reports and to the transcript of his trial. (Obj. 8-9.) According to Bowen, if he had had access to these documents, he would have been able to raise his claim of ineffective assistance of PCRA counsel within the PCRA's limitations period and thus exhausted it. (Obj. 9.) This argument is frivolous because Bowen has not brought a claim for ineffective assistance of his PCRA counsel in any of his Petitions. Therefore, even if we found that the alleged government interference constituted cause and prejudice, we still could not address the merits of this argument because it has not been brought before us. Furthermore, Bowen does not claim that the government's alleged interference prevented him from complying with the state's procedural requirements for any of the other claims that he brought in his second PCRA petition. Therefore, Bowen has not established that cause and prejudice exist such that the claims in Bowen's second PCRA petition should be reviewed on their merits despite being procedurally

defaulted.  No exception applies here and the procedurally defaulted claims in Bowen's second PCRA petition cannot be addressed on their merits.[4]

Finally, Bowen claims that because he did not directly appeal his conviction, his first PCRA petition should be considered his direct appeal and his second PCRA petition should be considered his first PCRA petition.  (Obj. 10.)  This argument is misguided.  Directly appealing a conviction and appealing a conviction through the PCRA are two different legal processes.  They cannot be retroactively substituted for one another.   Bowen's argument fails and his objection is overruled.

### B.    Claims in Original Habeas Petition

Pursuant to 28 U.S.C. § 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  A federal district court reviewing a Section 2254 petition "must determine whether the state court's adjudication of the claims raised was either (1) contrary to, or an unreasonable application of, clearly established federal law, or (2) based on an unreasonable determination of the facts in light of the evidence presented."  *Hicks v. Digugliemo*, No. 09-4255, 2013 WL 4663266, at *3 (E.D. Pa. Aug. 29, 2013).  Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), reviewing federal courts are to afford deference to any claim that is adjudicated on the merits in state court.  *See* 28 U.S.C. § 2254(d); *Johnson v. Folino*, 735 F. Supp. 2d 225, 232 (E.D. Pa. 2010).  In determining whether a state court's application of federal law was "unreasonable," the reviewing federal court applies an objective standard, such that the relevant application "may be incorrect but still not unreasonable."

---

[4] Bowen does not claim that he is actually innocent of the crime.  Therefore, no miscarriage of justice will result from our finding that Bowen's claims are procedurally defaulted.

*Duncan v. Morton*, 256 F.3d 189, 196 (3d Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362, 409-10 (2000)).  The test applied on federal habeas review is whether the state court decision "resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent."  *Matteo v. Superintentendent, SCI Albion*, 171 F.3d 877, 890 (3d Cir. 1999) (*en banc*).  In such an inquiry, the petitioner bears the burden to establish that precedent "requires [a] contrary outcome."  *Id.* at 888.  Section 2254 instructs that courts are to apply a presumption of correctness to factual findings of a state court, which can only be overcome by clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1); *Duncan*, 256 F.3d at 196.  The presumption of correctness applies equally to state trial and appellate courts, *Johnson*, 735 F. Supp. 2d at 233, and implicit factual findings of state courts, *Campbell v. Vaughn*, 209 F.3d 280, 285-86 (3d Cir. 2000).

> 1.   *Claims Regarding the Knowing and Voluntary Nature of Bowen's Guilty Plea*

Bowen's next objection focuses on the nature of his guilty plea.  In his Petition, Bowen argues that he should be entitled to habeas relief because his guilty plea was not made knowingly or voluntarily.  Bowen alleges that he was under the influence of medication before trial, during trial, and at the plea.  He contends that this made him incapable of understanding the implications of pleading guilty.  (Pet. 9.)  The R&R addressed this argument and found that Bowen did not meet his heavy burden of demonstrating that his plea was unknowing or involuntary.  (R&R 19 (citing *Zilich v. Reid*, 36 F.3d 317, 320 (3d Cir. 1994)).)  Specifically, Bowen failed to present proof that he was not advised of, or did not understand, the direct consequences of his plea.  (*Id.* at 19.)  In his Objections, Bowen claims that the R&R's findings are flawed.  According to Bowen, Magistrate Judge Restrepo improperly relied on the thoroughness of the guilty plea colloquy in making his findings.  (Obj. 10.)  Bowen argues that

the colloquy could not be relied upon because the trial judge did not ask Bowen if he was under the influence of drugs or any other type of mind alternating medication. (Obj. 10.)

We will overrule Bowen's objection. "[A]lthough the governing standard as to whether a plea of guilty is voluntary for purposes of the Federal Constitution is a question of federal law, questions of historical fact, including inferences properly drawn from such facts, are . . . entitled to the presumption of correctness accorded state court factual findings under 28 U.S.C. § 2254[(e)(1)]." *Parke v. Raley*, 506 U.S. 20, 35 (1992) (internal quotations omitted). Therefore, factual determinations will be presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). In his Petition, Bowen does not rebut the state court's findings that Bowen made a knowing, intelligent, and voluntary decision to enter a guilty plea. Magistrate Judge Restrepo properly relied on the state court's findings, which relied upon Bowen's oral and written colloquy. (R&R 19-20.) Moreover, based upon the facts of record, Bowen's guilty plea was not contrary to or an unreasonable application of clearly established federal law. *See Brown v. Rozum*, No. 12-2021, 2014 WL 3670326, at *16 (M.D. Pa. July 23, 2014) (rejecting the petitioner's § 2254 argument that the medication he was on impaired his ability to understand his plea where the petition failed to rebut the PCRA court's findings that plea was knowing and voluntary). Bowen's argument that his guilty plea was not knowing or voluntary does not warrant habeas relief.

### 2. Claim for Ineffective Assistance of Trial Counsel

Bowen's final objections are that his claims of ineffective assistance of counsel have merit. First, Bowen argues that his trial counsel was ineffective because he was not prepared for the penalty phase of trial, and this ineffectiveness induced Bowen to plead guilty. Bowen's objection specifically states that this ineffective assistance claim has merit, but that it was not properly reviewed by the state court. (Obj. 2.) This objection fails. After a review of the record,

we agree with the R&R's findings that Bowen's guilty plea was valid under federal law. We also agree that Bowen was not induced into pleading guilty by his trial counsel's ineffectiveness in preparing for the penalty phase of trial. (R&R 21 n.17.) The state court "properly and reasonably found that petitioner's plea was voluntary, knowing, and intelligent." (*Id.*) It is clear that the state court did consider Bowen's argument that he was induced into pleading guilty, but rejected it. The state factual record simply does not support a finding that Bowen's guilty plea was anything other than knowing and voluntary. Bowen's objection is overruled. This claim is without merit.

Bowen's next ineffective assistance of counsel claim, which was properly preserved, alleges that trial counsel rendered ineffective assistance in failing to file a motion to withdraw his guilty plea. Bowen objects to the R&R's conclusion that this claim has no merit. (Obj. 3-4.) "To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate that counsel's representations were objectively deficient and, with a few notable exceptions, that prejudice resulted from these alleged deficiencies." *Weeks v. Snyder*, 219 F.3d 245, 257 (3d Cir. 2000) (citations omitted). For a defendant who challenges his guilty plea to satisfy the prejudice requirement, "he must demonstrate that there is a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id.* (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). The Superior Court found that Bowen failed to satisfy both the deficiency and prejudice prongs of the ineffective assistance test.[5]

The deficiency prong was not met because "there was clearly a reasonable basis for the advice of counsel to enter the plea, and as [Bowen] did so knowingly and voluntarily, the record

---

[5] "Pennsylvania's test for assessing ineffective assistance of counsel claims is not contrary to *Strickland*." *Jacobs v. Horn*, 395 F.3d 92, 106 n.9 (3d Cir. 2005). Therefore, we agree with the R&R that the state court identified the correct governing legal principal here. (R&R 23.)

is devoid of any grounds to support a finding that counsel should have contacted [Bowen] to inquire into his desires."  (*Commonwealth v. Bowen*, No. 870 EDA 2005, at 7 (Pa. Super. Ct. Nov. 10, 2005) (unreported and non-precedential), ECF No. 34 Ex. B.)   Counsel has a constitutionally imposed duty to consult with the defendant about an appeal only "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."  *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000).  A "highly relevant factor" is whether the defendant pled guilty because "a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings."  *Id.*  Here, after a week of trial, Bowen entered a guilty plea in exchange for a sentence of life in prison, foreclosing the possibility of facing the death penalty.  The Superior Court found that Bowen's plea was entered into knowingly and voluntarily, after conference with counsel and an oral and written colloquy. On these facts, counsel was not professionally unreasonable in not consulting with Bowen regarding withdrawing his guilty plea.  *See id.* at 479 (stating "it would be difficult to say that counsel is 'professionally unreasonable' in not consulting with a defendant about appealing where counsel consulted with a defendant before guilty plea, advised the defendant what the outcome of the plea would be, informed the defendant of his appeal rights, and concluded that there were no nonfrivolous grounds for appeal).  Bowen has failed to demonstrate that counsel's performance was constitutionally deficient.

The Superior Court also found that Bowen failed to meet the prejudice prong of the ineffective assistance of counsel test.  Specifically, Bowen failed to "demonstrate that there was a reasonable probability that, but for plea counsel's failure to consult with [him] regarding

whether he wished to withdraw his plea, [he] would have timely filed such a motion." *Bowen*, No. 870 EDA 2005, at 7.  If Bowen cannot show that but for counsel's alleged deficient performance, he would have filed a motion to withdraw his guilty plea, then "counsel's deficient performance has not deprived him of anything, and he is not entitled to relief." *Roe*, 528 U.S. at 484.  The factual record fully supports the Superior Court's conclusion:  it is evident that Bowen was aware of his right to file a motion to withdraw his plea even though he claims counsel refused to consult with him regarding such right.  Bowen has thus failed to meet the prejudice prong.

Given Bowen's failure to establish deficiency or prejudice, we agree with the R&R's findings that the Superior Court's ruling can be reasonably justified and is not contrary to Supreme Court precedent.  Accordingly, Bowen's objection is overruled.  We adopt the R&R's finding that no habeas relief is appropriate here.

### C.    Certificate of Appealability

A certificate of appealability only issues if reasonable jurists could disagree with the Court's disposition of this matter.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  No reasonable jurist could disagree with our conclusion that Petitioner's claims are meritless or defaulted.

## IV.    CONCLUSION

After a de novo review of the record, the Objections filed by Dwight Bowen will be overruled, and the Report and Recommendations will be approved and adopted.  Bowen's Petitions will be denied and dismissed.

An appropriate Order will follow.

BY THE COURT:

*/s/R. Barclay Surrick*
**U.S. District Judge**

12